JUDGMENT AFFIRMED.

1810.<br>Roache<br>vs<br>Pendergast

---

ROACHE vs. PENDERGAST.

JUNE.

APPEAL from *Baltimore* county court. *Assumpsit* by the appellee against the appellant. The declaration contained two counts, one for *money had and received*, and the other for *money lent*. The defendant, in the court below, pleaded *non assumpsit*, and *an account in bar*, which he filed and offered to set off, &c. General replication thereto, and issues joined. At the trial the plaintiff produced as a witness one *Garrett Rice*, who proved that the plaintiff advanced to the defendant $150, to be employed as a capital in trade, $50 whereof to be considered as the plaintiff's share, another $50 to be considered as the defendant's share, and the remaining $50 to be considered as the witness's share. That three persons were to share in the profits arising in the course of their joint trade, which was to continue for an indefinite period; and that on the dissolution of the partnership, the plaintiff was to be entitled to receive his $150, $50 from the defendant, and $50 from the witness, exclusively of his one third of the profits which might be made by the partnership, and also whether there should be a profit or loss in their business. The witness also proved that he was present when the plaintiff applied to the defendant for an account of the profits, which the defendant refused, alleging that the plaintiff was not entitled to any part of the profits, but paid the plaintiff a sum of money, the amount whereof he did not know, it being in

In *assumpsit* for money had and received, and for money lent, a witness proved that the plaintiff advanced to the defendant $150, to be employed as a capital in trade, $50 to be considered as the plaintiff's share, another $50 as the defendant's share, and the remaining $50 as the witness's share. Those three persons were to share in the profits arising in the course of their joint trade, which was to continue for an indefinite period; and on the dissolution of the partnership the plaintiff was to be entitled to receive his 150 dollars, 50 dollars from the defendant, and 50 dollars from the witness, exclusively of his one third of the profits which might be made by the partnership. The plaintiff applied to the defendant for an account of the profits, which the defendant refused, alleging that the plaintiff was not entitled to any part of the profits, but paid

the plaintiff a sum of money in part, but less than the sum originally advanced by him. The county court directed the jury, that these facts amounted to a dissolution of the partnership; but on appeal —*Held* that it ought to have been left to the jury to decide, whether from the facts and circumstances proved, the partnership was dissolved.

*Held* also, that the witness testified to an undertaking distinct from the partnership, which might be enforced in a court of law by an action of general *indebitatus assumpsit*, and that the witness was competent to prove such an undertaking.

part of the sum originally advanced by the plaintiff, but he believed it to be less than the $150 advanced as aforesaid. The witness also proved, that in a conversation between him and the defendant, the defendant stated that he would raise an account against the plaintiff, which would more than extinguish the $150 advanced by the plaintiff at the commencement of the partnership, provided the witness would swear to it. The witness also proved, that after the commencement of the partnership, and previous to the defendant's refusal to account, he continued to live with the defendant, who had the management of the business, and that while living with the defendant he, as a partner, collected sundry debts owing to the concern. The defendant then prayed the court to direct the jury, that *Rice,* the witness produced on the part of the plaintiff, was not a competent witness; and also, that if the jury should believe the foregoing facts to be true, that in point of law they constitute a partnership, and that it is not competent for the plaintiff, in the present form of action, to recover against the defendant. Both of these directions the county court, (*Nicholson,* Ch. J.) refused to give; but directed the jury, that the refusal by the defendant to exhibit an account of the profits, alleging that the plaintiff was entitled to no part thereof, and the payment by him to the plaintiff of a part of the original sum advanced amounted to a dissolution of the partnership, and that upon its dissolution the plaintiff had a right of action in his individual capacity against each of the other copartners in their individual capacity, for the sum of $50 loaned them originally, or for so much thereof as remained unpaid at the time of the institution of the suit. The defendant excepted. Verdict and judgment for the plaintiff for $103 damages, and costs. The defendant appealed to this court.

The cause was argued before Chase, Ch. J. Buchanan, Gantt, and Earle, J.

*Boyd,* for the Appellant. The claim in this case was for $50, and the verdict, and judgment thereon rendered were for $103, a sum recovered beyond the amount which was due, except upon the principle of *profits* made in a partnership transaction; because allowing legal interest upon the sum advanced, the verdict could not exceed $65, even supposing not a cent of money had been paid to the

plaintiff by the defendant subsequent to the advance of the £50, which is proved not to have been the fact. The *first* objection to the opinion of the court below is, that no witness is competent to prove a partnership establishing *his interest therein*, because of the fraud which might be practised by the admission of such evidence; and the *second objection* is, that the plaintiff misconceived his remedy, the same being only in a court of chancery; because *no settlement* ever was had, or *account stated.* The plaintiff might have received, out of the copartnership, *more* than his capital and profits, and now may be indebted to the partnership, which facts only can be established in chancery. *Smith vs Barrow,* 2 *T. R.* 476. *Esp. N. P.* 96, and *Index*, tit. *Partnership.* The express promise to pay the £50 loaned, is but what the law would have implied, and does not change the *mode* of discovery. The refusal to account, though it may amount to a *dissolution* of the partnership, cannot rescind the original contract, the same having been *partly executed. Huntt vs Silk,* 5 *East,* 452. It is not known but the partnership has lost instead of having made profit, and that the defendant, being the acting partner, may have paid the amount of the claims against the firm to ten times the amount of the capital advanced. By the mode of proceeding resorted to, the defendant was precluded from making every defence allowed a copartner in equity, and has applied to a court which, from its organization, cannot do complete justice to the parties. It may also be observed, that on the final liquidation of the partnership accounts, the plaintiff may appear to have not only received his proportion of the profits, but his capital, and the capital advanced to the defendant, and more, and instead of being a creditor may be a debtor of the defendant. If it should be contended that here is a special promise varying the general rights of partnership, then it is a *special contract*, and ought to have been declared on as such, and there ought to have been a *special averment* that the partnership was dissolved, whereby an action had accrued to recover the above sum of £50, and a general *indebitatus assumpsit* will not lie. Wherever a duty is to arise, on the *happening* of a particular event, and it is uncertain *at what* time the event may take place, or that it may ever take place, this amounts to a *special agreement;* and before that duty can be enforced in a court of justice,

there must be an averment that the event has happened on which the duty arises. As for instance if a promise be made to pay a certain sum of money on A's going to *Rome*, or if money should be lent to be repaid on A's going to *Rome*, and returning therefrom; on these events happening, the money can only be recovered by a special action on the case, and not on a general *indebitatus assumpsit.* This form of action is only applicable to cases, where the contract is executed, and the debt is *immediately* due, or, what is the same thing, payable at a time *certain* and *specified*—as in the common cases of goods sold and delivered, payable immediately, or in *six months.* But if goods should be sold to A, and payable *when* a certain *event* should take place, then this agreement is special, and must be declared on as such, and not generally. These distinctions, it is conceived, are too obvious to require authorities. But the promise made and proved in this case is nothing more than what arises by implication of law; and therefore does not vary the relative situation of the parties, or give other remedies than are provided for in the ordinary cases of partnership by a suit in chancery. Because it is obvious, that where one partner advances to his active partner the *whole capital*, on a dissolution of the same he must be charged in the settlement of the concern for the money so loaned him, and this duty arises *immediately* on the dissolution of the partnership. The express promise therefore, raises no *other* obligation, nor can be enforced *in no* other *manner*, than is pointed out in all partnership cases. Besides, this doctrine would lead to this inconvenience, that the rights of the parties in *the same* transaction must be determined before two forums—First the $50 to be recovered in a court of law, and the partnership transaction in a court of chancery; and the common law abhors the *splitting* and multiplying of suits. And what is still more inconvenient and absurd is, that on the liquidation of the partnership, on a final account the plaintiff might be found to be a debtor, which would enable the defendant to obtain an injunction, thereby generating three suits, which the proper tribunal would settle in one—an absurdity in judicial proceedings which the court surely, by every reasonable construction, will endeavour to avoid. The court will also observe, that by the plaintiff's own showing, the jury must have taken into view the profits, because the proof adduc-

1810.
Roache
vs
Pendergast

ed on his part proved a receipt of a greater sum than that loaned, which is an additional proof of the impropriety of sustaining such actions in a court of common law; and which proof was a sufficient ground, in itself, to have defeated the action of the plaintiff without any other cause.

*W. Dorsey*, for the Appellee. It appears that the appellant, appellee and the witness, agreed to enter into partnership, in which there was no limitation of time as to how long the partnership should continue. The appellee loaned to the appellant, and the witness, each $50, before the commencement of the partnership. There is no good ground of objection to receiving the evidence of the witness, because of his being one of the partners. The payment made by the appellant to the appellee was evidence of the dissolution of the partnership, because it was to be dissolved when the $50 was paid. It cannot be a claim against the partnership, although the money was to constitute a part of the fund put into the capital. The loan was made to each partner, the appellant and the witness, in his separate capacity, and it cannot be said to be a partnership transaction, being loaned before the partnership. There is no solidity in the objection as to the form of action. If there had been a condition annexed to the payment of the money, then it must be specially averred. The dissolution of the partnership was an event that *must* take place, and it cannot be assimilated to an event which might never happen.

EARLE, J. delivered the opinion of the court. It appears to the court that the judge erred in his direction to the jury, "that the facts proved amounted to a dissolution of the partnership." He ought to have left it to the jury to decide, whether from the facts and circumstances proved, the partnership in question was dissolved. The dissolution of the partnership was an important point to be established by the plaintiff; for the money claimed was not due until the partnership was dissolved.

*Rice*, the witness, testified to an undertaking distinct from the partnership, which the court are of opinion may be enforced in a court of law in the form of action used, and without declaring upon a special contract between the parties.

GANTT, J. dissented.

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.